NOSTRAND, Respondent, v. FRAZIER, Appellant. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Garrett A. Nostrand against Moses L. Frazier. From a judgment in favor of the plaintiff, defendant appeals. Reversed. Charles E. LeBarbier, for appellant. Edward W. Grotz, for respondent.

WOODWARD, J. The plaintiff brings this action upon a claim, of which he holds an assignment, for professional services alleged to have been rendered to the defendant as an attorney at law by one Henry M. Goldberg. The plaintiff's assignor claims to have been retained by the defendant to bring two certain actions for slander, and claims that the services were reasonably worth $200, on which a payment of $10 is credited. The defendant denies the liability, and upon the trial of the action introduced evidence tending to show that Goldberg took the two cases upon a contingent fee agreement, that the latter has never performed the services which the defendant directed him to perform, and that the $10 credited upon the account of services was for disbursements. The learned court below found the facts in favor of the plaintiff, and rendered judgment for $65; the defendant appealing. Examining the evidence in the light of the respondent's brief, we are unable to reach the conclusion of the court below. The weight of evidence is clearly opposed to the finding that the plaintiff's assignor was employed for the purpose of bringing the actions in such a manner as to involve the liability of the defendant. The evidence is overwhelming that Goldberg took the cases upon a contingency, and that he has never prosecuted the same to judgment, though directed to do so by the defendant. The evidence in support of the assignment of the claim to the plaintiff is not very convincing that there was a consideration for the assignment, and the case suggests bad faith in so many particulars that in the interests of justice we conclude that the judgment should be reversed and a new trial ordered. Judgment reversed, and new trial ordered; costs to abide the event.

GOODRICH, P. J., concurs.

HIRSCHBERG, J. The action was brought to recover for professional services rendered by the plaintiff's assignor, one Henry M. Goldberg, as an attorney at law, in two slander suits instituted by the defendant. On behalf of the plaintiff his assignor testified that the employment was such as tended to establish a right to recover for the service upon a quantum meruit. The defendant testified in his own behalf, and was supported by the testimony of two witnesses, namely, Albert S. Meyer and Cammila T. Sutherland, to the effect that the contract of employment was upon a contingent fee, whatever was recovered in the actions to be divided equally between the defendant and the attorney. The rule is a familiar one that the mere number of witnesses is not to be regarded as controlling upon the question of preponderance, and this court is especially precluded from holding in this case that the preponderance of the evidence is with the defendant, inasmuch as the municipal court justice who heard and decided the case states in his opinion that, while he recognizes the rule that the plaintiff is compelled to establish his case by a preponderance of evidence, he has reached the conclusion that the plaintiff's contention is the proper one, "from the actions

and demeanor of the witnesses upon the stand." It does appear, however, quite plainly from the opinion referred to that in reaching such conclusion the magistrate was influenced by a misapprehension as to the nature and effect of the evidence given by the two witnesses who testified in the defendant's behalf. He states in the opinion as follows: "There is a conflict of testimony as to the real agreement; but as the witnesses called by the defendant testify that the recovery in the two actions, whatever it might be, was to be divided between the four persons who testified on the trial, namely Goldberg, Frazier, Sutherland, and Meyers, I am loth to believe them." Neither of the witnesses called by the defendant testified that the recovery in the two actions was to be so divided. The witness Meyer, after testifying to the contract, and that it was that Mr. Goldberg would take the case on a contingency, did indeed state that, "in a joking way Mr. Frazier says, 'We will all share it, if we get anything,'" while the witness Sutherland testified expressly that the money which might be obtained from the cases was to be divided between Mr. Goldberg and the defendant. Her testimony is as follows: "Q. Were you present at any conversation that took place between Mr. Goldberg and Mr. Frazier? A. Yes, sir. * * * Q. Just state what that conversation was, please. A. As near as I can remember it, he was to take the case against Gaige and Johnson on a fee to be shared. Whatever they got out of the case was to be shared between them. * * * Q. And as to the compensation for the services of Mr. Goldberg? A. The money which they obtained from the case was to be divided between them." As the court below refused, or at least hesitated, to believe these witnesses, upon the ground that they were interested pecuniarily in the transaction, and in the mistaken belief that they had so testified, the result must have been affected by the misapprehension, and there must therefore be a new trial.

BARTLETT and JENKS, JJ., concur.